IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| WILLIAM EARL CUNNINGHAM,<br><br>Plaintiff,<br><br>vs.<br><br>BILLINGS CLINIC and CORRECTIONAL HEALTH PARTNERS,<br><br>Defendants. | CV-20-00085-BLG-SPW-TJC<br><br>FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

Plaintiff William Cunningham, a state prisoner proceeding without counsel, filed a Complaint (Doc. 2) pursuant to 42 U.S.C. § 1983, alleging Defendants committed medical malpractice, malfeasance, and negligence. Specifically, he alleged a faulty pacemaker was put into his body. In his original Complaint, Cunningham alleged the date of the event giving rise to his claims was November 14, 2014. (Doc. 2 at 5.) He contends he then had multiple seizures in 2016 while incarcerated at Montana State Prison, the pacemaker stopped working, and the pacemaker had to be replaced. *Id.*

The Court screened Cunningham's original Complaint pursuant to 28 U.S.C. §§ 1915, 1915A and found that the Complaint was subject to dismissal because it appeared that Cunningham's claims were barred by the applicable statute of limitations and that he failed to state a federal claim for relief. (Doc. 6.)

Cunningham was advised that the applicable statute of limitations for his

1

claims arising under 42 U.S.C. § 1983 was three years. (Doc. 6, citing *Wilson v. Garcia*, 471 U.S. 261 (1985), Mont. Code. Ann. § 27-2-204(1).) Cunningham's original complaint was dated June 13, 2020, therefore all claims accruing prior to June 13, 2017 appear to be barred by the applicable statute of limitations. Cunningham claims Defendants put a faulty pacemaker into his body on November 14, 2014, which stopped working and had to be replaced in 2016. As such, it appears his claims accrued at the latest in 2016 and would be barred by the applicable statute of limitations. (Doc. 6.)

     Cunningham was given an opportunity to explain why his claims were not brought within the applicable statute of limitations. (Doc. 6.) On November 27, 2020, he filed an Amended Complaint alleging that the date of the events giving rise to his claims occurred in April 2018, when he was transferred to Yellowstone County Detention Facility for retrial. (Doc. 8 at 5.) The facts in Cunningham's Amended Complaint are even more sparse than his bare bones initial Complaint, and he does not explain what happened in 2018, other than his transfer. He explained that when he was transferred back to Yellowstone County for retrial he lost everything he needed "to prepare this action," which appears to be an acknowledgement that the claim arose prior to his transfer in 2018, and comports with his first Complaint's allegations that the claim arose in 2014 or 2016. (Doc. 8 at 9.) Nothing in Cunningham's Amended Complaint has changed this Court's

earlier assessments that the action is barred by the statute of limitations, and that Cunningham's state law medical claims do not give rise to a cognizable § 1983 claim.

## CONCLUSION

The Court has considered whether Cunningham's Amended Complaint is frivolous, malicious, fail to state a claim, or seek solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). Cunningham's claims are barred by the applicable statute of limitations and are insufficient to state a federal claim. The Court gave Cunningham an opportunity to amend, and the amendments do not allege sufficient facts to overcome the deficiencies found in his original complaint.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATION

1. Cunningham's Amended Complaint (Doc. 8) should be DISMISSED for failure to state cognizable federal claim.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

4.     At all times during the pendency of this action, Cunningham must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may file objections to these Findings and Recommendations within fourteen days after service thereof. 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.  This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed. R. App. P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 10th day of May, 2021.

_____
Timothy J. Cavan
United States Magistrate Judge